Filed 7/26/21  P. v. Mathis CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER ROMEZ MATHIS,<br><br>    Defendant and Appellant. | B307882<br><br>Los Angeles County<br>Super. Ct. No. BA310233-01 |

APPEAL from an order of the Superior Court of Los Angeles County, Terry A. Bork, Judge.  Affirmed.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## BACKGROUND

In 2008 a jury convicted defendant and appellant Christopher Romez Mathis of the first degree murder of Ernest Crayton. The jury found true allegations that, in the commission of the crime, Mathis personally and intentionally used and discharged a firearm causing Crayton's death and that Mathis acted to benefit a criminal street gang. The trial court sentenced Mathis to 50 years to life in the state prison. In 2009, we affirmed Mathis's conviction. (*People v. Mathis* (Nov. 20, 2009, B209147) [nonpub. opn.] (*Mathis I*).)

According to our opinion in Mathis's direct appeal,[1] around 6:00 p.m. on October 2, 2006, Akil Robbins was driving a red Chevrolet Cobalt he'd borrowed from an acquaintance. A witness on a balcony near Western and Vernon saw a young man—later identified as Crayton—standing on Western. Crayton "threw a Rollin 40's gang sign to someone across the street." A red car drove up and stopped next to Crayton. A man got out of the passenger seat, approached Crayton, and shot him five or six times. (*Mathis I*.)

Another witness waiting for a bus on the corner of Western and Vernon heard gunshots coming from a red Chevrolet Cobalt with its front passenger door open. Mathis was standing on the sidewalk next to the car, holding a gun. Mathis fired another shot and got back in the car, which sped away. Robbins was driving. (*Mathis I*.)

---

[1] On our own motion, we take judicial notice of our opinion in Mathis's direct appeal from the judgment of conviction. (Evid. Code, §§ 452, subd. (d), 459.)

2

A patrol car began to chase the red Chevy. The Chevy finally stopped and two men jumped out: Robbins from the driver's seat and Mathis from the passenger seat. They ran down an alley; canine search teams located them. Police found a nine-millimeter semiautomatic handgun in the Chevy. A bullet taken from Crayton's body matched the gun. Crayton had been shot five times, twice in the head. (*Mathis I.*)

After Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) took effect, Mathis filed on March 24, 2019 a petition for resentencing under Penal Code section 1170.95.[2] On a downloadable form, Mathis checked all of the boxes except one (having to do with plea agreements). The boxes stated (among other things) that Mathis was convicted of murder "pursuant to the felony murder rule or the natural and probable consequences doctrine," and that he "was not the actual killer." Mathis attached two handwritten pages stating the firearm enhancement in his case was "solely for vicarious liability therefore it is undisputed the prosecutor theory of Petitioner being the shooter was uncertain,"[3] it was "undisputed jurors

---

[2] References to statutes are to the Penal Code.

[3] The information alleged that both defendants personally and intentionally used and discharged a firearm causing death to Crayton under section 12022.53, subdivisions (b), (c), and (d). The information also alleged that a principal personally and intentionally used and discharged a firearm causing death to Crayton under section 12022.53, subdivisions (b), (c), (d), and (e)(1). The jury found all the firearm allegations as to Mathis true. Accordingly, Mathis's assertion that he was charged "solely for vicarious liability" under subdivision (e) is incorrect. The record on appeal does not include the verdict forms for Robbins.

3

were instructed on first degree murder under a natural and probable consequence doctrine," and the trial court erred in the way it edited the jury instruction on expert testimony.

The court appointed counsel for Mathis.

The district attorney filed a response to Mathis's petition. Most of the prosecution's response was devoted to its contention that Senate Bill 1437 was unconstitutional. The prosecutor also argued Mathis was not entitled to relief under section 1170.95 because he "was convicted under the legal theory of a willful, deliberate, and premeditated murder. Neither the accomplice liability, natural and probable consequences theory of liability, nor the felony murder rule, were argued in this case."

Mathis's counsel filed a reply on his behalf. Counsel stated, "upon information and belief, the defendant ha[d] alleged . . . in his petition" that he was eligible for relief, "and thus [met] the low bar [for] making out a prima facie showing as defined by the statute." Accordingly, counsel asserted, the court was required to issue an order to show cause and hold a hearing.

Mathis appeared before the court on July 27, 2020 with counsel.[4] Mathis's counsel contended he had made "a prima facie showing," and "therefore" "now the burden shifts to the People to prove by competent evidence beyond a reasonable doubt that he is not entitled to relief." The prosecutor responded "defendant Mathis was found to be the shooter" and was "not in any way an accomplice." Accordingly, he argued Mathis was ineligible for relief.

---

[4] The trial court denied Mathis's request to waive his appearance. Robbins apparently filed a petition under section 1170.95 as well, and the court held a hearing on both petitions at the same time.

4

Mathis's counsel continued to argue that, because Mathis's petition was "facially adequate," the prosecution had to "put on competent evidence to prove" Mathis was not entitled to relief. The prosecutor noted the court had "the appellate decision which is part of the court record," and it—as well as the minute orders and the abstract of judgment—showed Mathis "was found to be the shooter."

The court then summarized the facts set forth in *Mathis I*. The court stated, "Both defendants were convicted under the legal theory of willful, deliberate, and [pre]meditated murder. Mr. Mathis as the shooter; Mr. Robbins as the getaway driver and aider and abettor." The court noted "accomplice liability, [the] natural and probable consequences theory of liability, [and] the felony murder rule" were not "argued in this case." The court concluded Mathis was "not eligible for resentencing since he was the actual killer pursuant to Penal Code section 189(e)(1)."

Mathis appealed and we appointed counsel to represent him on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel stated he had written to Mathis to advise him he was filing a *Wende* brief and Mathis had the right to file a supplemental brief. We also sent Mathis a letter on February 19, 2021, telling him the same thing. Mathis twice requested extensions of time to file a supplemental brief. We granted both. The second extension expired July 1, 2021 but we have not received any supplemental brief from Mathis.[5]

---

[5]     On July 9, 2021, we received a letter from Mathis postmarked July 7, 2021 stating he had mailed his supplemental brief to the superior court, even though our February 19 letter

5

## DISCUSSION

Senate Bill 1437 " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer . . . .' " (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, quoting Stats. 2018, ch. 1015, § 1(f); § 189, subd. (e)(1).)  Here, however, Mathis was the actual killer.  Because Mathis was convicted under a valid theory of murder that survived the changes to sections 188 and 189, he is ineligible for relief under section 1170.95.  (See §§ 189, subd. (e)(1), 190.2, subds. (b), (c), (d); *People v. Tarkington* (2020) 49 Cal.App.5th 892, 895-896, 899 [defendant was actual killer, not prosecuted on a felony murder or natural and probable consequences theory], review granted Aug. 12, 2020, S263219; *People v. Gallo* (2020) 57 Cal.App.5th 594, 599-600 [same]; *People v. Edwards* (2020) 48 Cal.App.5th 666, 669, 671, 674 [affirming summary denial of resentencing petition where record of conviction and appellate opinion on direct appeal showed petitioner was the actual killer, and was not tried or convicted of felony-murder or under the natural and probable consequences doctrine], review granted July 8, 2020, S262481; *People v. Perez* (2020) 54 Cal.App.5th 896, 900, 907 [defendant "did not make an offer of proof he could present testimony or other evidence to show he was not the actual killer"], review granted Dec. 9, 2020, S265254; *People v. Cornelius* (2020)

---

plainly stated this court's mailing address.  On July 16 we received a second letter from Mathis, stating he had "moved back to state prison" and asking if we had received his brief.  It is not this court's obligation to contact the trial court in a search for a pleading Mathis may have sent to it.

44 Cal.App.5th 54 [affirming denial of resentencing petition where petitioner was the actual killer who discharged a firearm causing death], review granted Mar. 18, 2020, S260410; cf. *People v. Daniel* (2020) 57 Cal.App.5th 666, 673, 678 [error in failing to appoint counsel was harmless because defendant was actual killer who was "directly, not vicariously, liable for [victim's] murder"], review granted Feb. 24, 2021, S266336.)

We are satisfied that Mathis's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The postjudgment order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

LAVIN, Acting P. J.                    THOMAS, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.